UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FILED
2017 MAY 26 AM 11: 15

DAKOTA SWOPE-KREISER, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

CASE NO.: 5:17-CV-235-Oc-30PRL

BLITCHTON MARATHON INC., and
ALVARO OCEJO,

    Defendants.
_____/

## WAGE THEFT COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, DAKOTA SWOPE-KREISER ("Plaintiff"), on behalf himself and others similarly situated, hereby sues the Defendants, BLITCHTON MARATHON INC. and ALVARO OCEJO ("Defendants"), for Wage Theft and unpaid minimum wages and alleges as follows:

### NATURE OF THIS ACTION

1. Plaintiff alleges, on behalf of himself and other similarly situated current and former employees of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid minimum wages from Defendants, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; and (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201.

2. Plaintiff further alleges, on behalf of himself and a class of other

OCA-8159

similarly situated current and former employees of the Defendants, that they are: (i) entitled to unpaid wages from Defendants for all time worked for which they were not paid as a result of Wage Theft, e.g., Defendants' unlawful policy of requiring cashiers to reimburse Defendants for cash drawer and/or inventory shortages out of pocket, which reduced their hourly pay below minimum wage, and providing them no receipt or reimbursement on their check; and (ii) attorneys' fees and costs pursuant to Fla. Stat. § 448.08.

3. Plaintiff further alleges, on behalf of himself and a class of other similarly situated current and former employees of the Defendants, that they are entitled to unpaid minimum wages from Defendants pursuant to Florida's State Minimum Wage law, Fla. Const. Art. X, Sec 24 and Fla. Stat. § 448.110 ("FMW").

## JURISDICTION, VENUE AND PARTIES

4. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction. This Court has supplemental jurisdiction over Plaintiff's claims brought under Florida's State Minimum Wage law, Fla. Const. Art. X, Sec 24 and Fla. Stat. § 448.110 ("FMW").

5. Venue is proper within the Middle District of Florida, Ocala Division, because a substantial part of the events giving rise to this claim arose in Marion County, Florida where the Marathon Gas Station of Plaintiff's employment was located at 3760 N.W. Blitchton Road, Ocala, FL 34475.

6. At all times material, Plaintiff is and was a resident of the State of

Florida. At all times material, Plaintiff was employed by Defendants in Marion County, Florida.

7. At all times material, Defendant BLITCHTON MARATHON INC. was/is a Florida Profit Corporation authorized to conduct business in the State of Florida, with its headquarters located at 3760 N.W. Blitchton Road, Ocala, FL 34475.

8. At all times material, Defendant ALVARO OCEJO was/is the President of BLITCHTON MARATHON INC. In that position, Ocejo exercised significant control over the company's operations, had the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and had operational control over significant aspects of the company's day-to-day functions.

9. Defendants contract with MARATHON PETROLEUM COMPANY LP, a Foreign Profit Corporation authorized to conduct business in the State of Florida, with its headquarters located at 39 SOUTH MAIN STREET, FINDLAY, OHIO, 45840, to sell its petroleum products and use its name and brand to promote sales.

## CLASS ALLEGATIONS

10. **The Class**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(1)(B) and 23(b)(3) on behalf of himself and a Class of similarly situated individuals defined as: All employees of the Defendants in Florida who were subject to Defendants' unlawful Wage Theft policy or practice of requiring cashiers to reimburse Defendant for their cash drawer and/or inventory shortages out of pocket, which reduced their hourly pay below minimum wage, and not reimbursing them

within the four years prior to the filing of the instant Complaint.

11. **Numerosity**: The exact number of members of the Class is unknown to Plaintiff at this time, making joinder of each individual member impracticable.

12. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of the Defendants' uniform wrongful conduct.

13. **Commonality**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members.

## GENERAL ALLEGATIONS

14. Defendants are a gas station operator and individual owner and are employers as defined by FLSA.

15. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendants.

16 Plaintiff and others similarly situated were employees of Defendants under the FLSA, employed as cashiers (or possibly other similar job titles).

17. Plaintiff's duties and the duties of those similarly situated include ringing up customers' purchases, cleaning, and performing general manual duties at the gas station.

18. Plaintiff and those similarly situated are paid $8.05 an hour.

19. Plaintiff was paid every week. Whenever Plaintiff received his

4

paycheck, there would be an envelope with an amount written on it, paper-clipped to the check. The amount ranged from $20 to $200. When Plaintiff inquired as to what this number was with manager and owner, ALVARO OCEJO, he told him it was money Plaintiff owed for his cash drawer being short or for undisclosed inventory shortages. Plaintiff inquired as to how he calculated this amount. Ocejo would never give Plaintiff a straight answer.

20. By requiring Plaintiff to pay the difference with his own money, and not reimbursing him, Plaintiff hourly wage fell below minimum wage.

21. Defendants' practice of requiring Plaintiff and those similarly situated to pay for drawer and inventory shortages out of pocket forms a basis for establishing Defendants' willful violations of the FLSA's and the FMW's requirements to compensate employees at least minimum wage.

22. Based upon DOL opinions and decisions and Defendants' clear knowledge of the violations at issue, the failure to pay Plaintiff and those similarly situated minimum wage is a willful violation of the FLSA and FMW.

23. Defendants failed to comply with Florida law because Plaintiff, and other similarly situated employees, were regularly required to work, but then were not paid for their time worked, thereby engaging in Wage Theft.

24. Defendants' upper management knowingly encourages and facilitates the policy or practice of Wage Theft against Plaintiff and other similarly situated employees.

25. Defendants' violations of the FLSA and Florida law were knowing,

willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

26. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## FLSA MINIMUM WAGE

27. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 26 as if fully restated herein.

28. Defendants failed to pay Plaintiff and other similarly situated employees the Federal Minimum Wage for all hours worked in violation of the FLSA.

29. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

30. Plaintiff and other similarly situated employees were damaged by Defendants' failure to pay them the Federal Minimum Wage.

31. Count I is brought under the FLSA as a collective action to recover unpaid minimum wages owed to Plaintiff and all others similarly situated who are or were employed by Defendants who were denied minimum wage.

**WHEREFORE**, Plaintiff respectfully requests, on behalf of himself and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid wages owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and

appropriate.

## COUNT II
## FLORIDA MINIMUM WAGE

32. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 26 as if fully restated herein.

33. Defendants failed to pay Plaintiff and other similarly situated employees the Florida Minimum Wage for all hours worked in violation of the FMW.

34. Defendants' violations of the FMW were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

35. Plaintiff and other similarly situated employees were damaged by Defendants' failure to pay them the Florida Minimum Wage.

36. Count II is brought under the FMW as a class action to recover unpaid minimum wages owed to Plaintiff and all others similarly situated who are or were employed by Defendants who were denied minimum wage.

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief: (i) Certify this case as a class action on behalf of the Class as defined above, and appoint DAKOTA SWOPE-KREISER as class representative and undersigned counsel as lead counsel; (ii) enter judgment awarding damages in the amount of wages found to be due and owing; (iii) awarding liquidated damages in an additional amount equal to the unpaid minimum wages found to be due and owing; (iv) awarding reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.08; and (v) awarding all such other relief as the Court deems just and appropriate.

## COUNT III
## WAGE THEFT CLASS ACTION/BREACH OF CONTRACT

37. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 26 as if fully restated herein.

38. Plaintiff and all other similarly situated employees have earned unpaid wages which are owed and payable by Defendants pursuant to Florida Statute Chapter 448 and/or an agreement between the parties.

39. Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment to Plaintiff and all other similarly situated employees as required by Florida Statute Chapter 448 and/or an agreement between the parties, thereby engaging in unlawful Wage Theft.

40. As a result of Defendants' Wage Theft and failure to pay earned wages, Plaintiff has suffered damages, including wages, interest and attorneys' fees.

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief: (i) Certify this case as a class action on behalf of the Class as defined above, and appoint DAKOTA SWOPE-KREISER as class representative and undersigned counsel as lead counsel; (ii) Declaratory judgment finding that Defendants has engaged in unlawful Wage Theft; (iii) Awarding damages in the amount of the unpaid wages owed, plus attorneys' fees and costs pursuant to Fla. Stat. § 448.08; (iv) Injunctive relief prohibiting Defendants from further engaging in Wage Theft; and (v) awarding all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 24nd day of May, 2017.

        Respectfully submitted,
        **WHITTEL & MELTON, LLC**
        */s/ Jay P. Lechner*
        Jay P. Lechner, Esq.
        Florida Bar No.: 0504351
        Jason M. Melton, Esq.
        Florida Bar No.: 605034
        One Progress Plaza
        200 Central Avenue, #400
        St. Petersburg, Florida 33701
        Telephone: (727) 822-1111
        Facsimile: (727) 898-2001
          Pleadings@theFLlawfirm.com
          lechnerj@theFLlawfirm.com
          sonia@theFLlawfirm.com
        *Attorneys for Plaintiff*