# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

DAKOTA SWOPE-KREISER,

    Plaintiff,

v.                                      Case No: 5:17-cv-235-Oc-30PRL

BLITCHTON MARATHON INC. and
ALVARO OCEJO,

    Defendants.

## ORDER

Plaintiff sued his former employer, Blitchton Marathon Inc., and its president, Alvaro Ocejo, for failing to pay him minimum wage. After a default was entered against Defendants, Plaintiff moved for a Final Default Judgment. (Doc. 11). Unbeknownst to Plaintiff, Ocejo filed an Amended Answer (Doc. 12) shortly before the Motion was filed. Ocejo, though, never moved to set aside the default. (Doc. 13). Because there is no good cause to set aside the defaults, the Court concludes Plaintiff's Motion should be granted.

## FACTS

Plaintiff was employed by Defendants for 52 weeks—from January 2016 to January 2017—and was paid $8.05 per hour. (Doc. 11). When Defendants paid Plaintiff, there would be an envelope attached to the check stating an amount being deducted from Plaintiff's paycheck. (Doc. 1, ¶ 19). Ocejo told Plaintiff the deductions were based on shortages from the register and missing inventory. (Doc. 1, ¶ 19). The deductions averaged $70 per week. (Doc. 11-1, ¶ 7). Because Plaintiff was paid the minimum wage—$8.05 per

hour—the deduction caused Plaintiff to be paid below the minimum wage by an average of $70 each week.

## PROCEDURAL POSTURE

Plaintiff served Defendants with this action on June 13, 2017. (Docs. 7 and 8). On June 21, 2017, Defendants filed an Answer. (Doc. 4). But the *pro se* Answer did not respond to the allegations in the Complaint. So the Court struck the Answer and directed Ocejo to file an amended response to the Complaint within 45 days, and directed Blitchton Marathon Inc. to obtain counsel to respond to the Complaint. (Doc. 6). More than 45 days passed without an amended answer being filed by either Defendant. On August 11, 2017, Plaintiff moved for entry of a default. (Doc. 9). The defaults were entered on August 16, 2017. (Doc. 10).

On August 25, 2017, Plaintiff moved for entry of a final default judgment against Defendants. (Doc. 11). After that motion was filed, the Clerk entered an Amended Answer (Doc. 12) that Ocejo had filed on only his behalf the day before. On August 30, 2017, the Court ordered Ocejo to show cause (Doc. 13), within 14 days, why it should not enter a Final Default Judgment against him since he failed to move to set aside the Clerk's default. More than 25 days passed and Ocejo failed to show cause or move to set aside the default.

## DISCUSSION

### A. Ocejo Failed to Show the Default Should Be Set Aside

A Court may set aside a default for good cause. Fed. R. Civ. P. 55(c). Whether good cause has been shown depends on the facts of each case. *Compania Interamericana Exp.– Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

Generally, courts consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.*

The Court concludes Ocejo failed to demonstrate good cause to set aside the default. Ocejo responded to the Complaint timely, albeit deficiently. The Court explained the defects to Ocejo and gave him ample time to file an amended answer—but he failed to do so and the default was entered. Ocejo then filed an untimely Amended Answer—which suffers many of the same defects as the original—but failed to articulate any good cause why the default should be set aside. The Court directed Ocejo to show good cause for setting aside the default, and he again failed to respond to the Court's Order. The Court concludes Ocejo's actions were culpable or willful, and that Ocejo failed to demonstrate any meritorious defense. So the Court concludes there is no good cause to set aside the default, and will strike Ocejo's Amended Answer (Doc. 12) as a nullity.

**B. Plaintiff Is Entitled to Final Default Judgment**

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538,

1544 (11th Cir. 1985) (internal citations omitted). The court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Id.* at 1543 (internal citation omitted).

Plaintiff is entitled to a final default judgment against Defendants. Plaintiff was paid $70 below the minimum wage each week for 52 weeks. Accepting these allegations as true, Plaintiff states a claim for a violation of the Fair Labor Standards Act and Florida's minimum wage law.

The Court concludes that no evidentiary hearing is required to determine Plaintiff's damages because they are capable of mathematical calculation. Plaintiff is entitled to actual damages of $70 each week for 52 weeks, totaling $3,640. *See* 29 U.S.C. § 216(b). Plaintiff is also entitled to liquidated damages equal to his actual damages. *See* 29 U.S.C. § 216(b). These sums total $7,280.[1]

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant Alvaro Ocejo's Amended Answer (Doc. 12) is STRICKEN.
2. Plaintiff's Motion for Default Judgment (Doc. 11) is GRANTED.
3. The Clerk is directed to enter a Final Default Judgment in the amount of $7,280 in favor of Plaintiff Dakota Swope-Kreiser, and against Defendants Blitchton Marathon Inc. and Alvaro Ocejo, bearing interest at the statutory rate.

---

[1] Plaintiff also requests attorneys' fees, which the Court will reserve jurisdiction to consider after the Final Default Judgment is entered.

4. All pending motions are denied as moot.

5. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of September, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record